**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Unite Here Health,<br><br>      Plaintiff<br><br>v.<br><br>Timothy R. Titolo, et al.,<br><br>      Defendants | 2:15-cv-02160-JAD-NJK<br><br>**Order Directing Clerk of Court to Enter Default against Cross-Defendant Lisa Titolo and Denying Plaintiff's Motion for Default Judgment**<br><br>[ECF No. 17, 18] |

Employee-welfare-benefit plan administrator Unite Here Health sues for reimbursement of medical-bill payments that it made on behalf of a personal-injury plaintiff whose tort lawsuit was settled—and whose settlement payment was fully disbursed—without satisfying Unite Here's lien.[1] Unite Here sued the settling plaintiff and her attorneys, including primary counsel Timothy R. Titolo and his ex-wife, Lisa Titolo, who was then the employee of Titolo's law firm responsible for satisfying medical liens before disbursing settlement funds to clients.  Tim Titolo and his law firm have cross-claimed against Lisa, alleging that the failure to repay Unite Here Health falls on her because she alone bore that responsibility, she was pilfering settlement monies from the firm's client trust account, and the Titolos' divorce decree obligates Lisa to indemnify Tim for this obligation.[2]

Lisa did not respond to the complaint or the cross-claim, and a default was entered against her on Unite Here's motion.  The cross-claimants move the Clerk of Court to similarly default her on their claims,[3] and Unite Here moves for a default judgment against Lisa for the full amount of the unpaid lien.[4]  I grant the cross-claimants' motion for entry of a default on their cross-claims against Lisa.  However, because Unite Here's theories against the defaulted defendants overlap with the

---

[1] ECF No. 1.

[2] ECF No. 9.

[3] ECF No. 17.

[4] ECF No. 18.

claims and legal theories against all other defendants, I find Unite Here's motion premature under the *Frow* doctrine, and I deny it without prejudice.

## Discussion

**A.    The Cross-claimants' Request for Entry of Default against Lisa Titolo [ECF No. 17]**

Rule 55(a) of the Federal Rules of Civil Procedure states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Tim Titolo and his law firm filed their cross-claims against Lisa Titolo on January 29, 2016, and she accepted service of that document on March 9, 2016.[5]  Lisa has not answered,[6] and on April 5, 2016, the cross-claimants moved for an entry of default against her under FRCP 55(a).[7]  Because cross-claimants have demonstrated that Lisa has failed to plead or otherwise defend herself against their cross-claims, I grant their motion for the entry of default against her on these cross-claims, and I direct the Clerk of Court to enter her default to the cross-claims.

**B.    Unite Here's Motion for Default Judgment [ECF No. 18]**

On Unite Here's motion,[8] the Clerk of Court entered default against Lisa on Unite Here's original claims.[9]  Unite Here now moves the court to enter a default judgment against Lisa for the full sum of the unpaid lien.

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[10]  However, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment

---

[5] ECF No. 9, 12.

[6] The Clerk of Court already entered Lisa's default as to the original claims.  *See* ECF No. 11.

[7] ECF No. 17.

[8] ECF No. 10.

[9] ECF No. 11.

[10] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[11]  The Ninth Circuit extends this doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[12]

This case is particularly suited for application of the *Frow* doctrine.  Unite Here sues Tim Titolo, Esq., his law firm, Lisa as an employee of that law firm, and Titolo's co-counsel for failing to reimburse it for these medical bills.  Unite Here alleges that four of its six claims against Lisa and other defendants collectively or specifically "jointly and severally."[13]  And it is further alleged that Lisa was an employee of Tim Titolo's law firm, and that the firm "negligently" permitted Lisa access to the firm's bank account, so it is possible that the firm will bear legal responsibility for Lisa's actions, too.  The *Frow* doctrine cautions against entering a default judgment against Lisa while all other defendants continue to defend against Unite Here's claims.  For this reason, I deny plaintiff's motion for a default judgment against Lisa Titolo without prejudice to Unite Here's ability to reurge this request after the claims against the remaining defendants have been resolved.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Cross-claimants' Motion for Entry of Default of Lisa Titolo **[ECF No. 17] is GRANTED; the Clerk of Court is directed to enter Lisa Titolo's default on the cross-claims against her [ECF No. 9]**;

. . .

---

[11] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[12] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

[13] *See, e.g.*, ECF No. 1 at ¶¶ 38, 46.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment against Defendant Lisa Titolo **[ECF 18] is DENIED** without prejudice.

Dated this 6th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge