# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Unite Here Health, | 2:15-cv-02160-JAD-NJK |
| Plaintiff | **Order Granting Motion for Default Judgment Against Lisa Titolo in Favor of Unite Here; Striking Default Judgment Erroneously Entered Against Lisa Titolo in Favor of Cross-Claimants; and Directing Clerk of Court to Enter Default Against Lisa Titolo in Favor of Cross-Claimants** |
| v. | |
| Timothy R. Titolo, et al., | |
| Defendants | |
| | [ECF No. 22, 25] |

Employee-welfare benefit plan administrator Unite Here Health sues for reimbursement of medical-bill payments that it made on behalf of a personal-injury plaintiff whose tort lawsuit was settled—and whose settlement payment was fully disbursed—without satisfying Unite Here's lien.[1]  Unite Here sued the settling plaintiff and her attorneys, including primary counsel Timothy R. Titolo and his ex-wife Lisa Titolo, who was then the employee of Titolo's law firm responsible for satisfying medical liens before disbursing settlement funds to clients.  Timothy Titolo and his law firm cross-claimed against Lisa, alleging that the failure to repay Unite Here falls on her because she alone bore that responsibility, she was pilfering settlement monies from the firm's trust account, and the Titolos' divorce decree obligates Lisa to indemnify Timothy for this obligation.[2]

When Lisa did not respond to the complaint or the cross-complaint, default was entered against her on Unite Here's claims[3] and on the cross-claims.[4]  Unite Here then moved for default

---

[1] ECF No. 1.

[2] ECF No. 9.

[3] ECF No. 11.

[4] ECF No. 21.

judgment against Lisa.[5]  I denied the motion without prejudice under the *Frow* doctrine because the other defendants that Unite Here alleged were jointly and severally liable with Lisa were still defending against those claims.[6]  Unite Here eventually settled with those other defendants and I entered an order under FRCP 41(a)(1)(A)(ii) dismissing the claims against the other defendants.[7]  Unite Here now renews its motion for default judgment against Lisa; I grant its motion.

I note that default judgment—instead of default—was erroneously entered against Lisa and in favor of the cross-claimants.[8]  Thus, I strike that default judgment and I direct the clerk of court to enter default against Lisa and in favor of the cross-claimants.

## Background

After a car accident in 2010 injured Feliciano Agcaoili and ultimately took his life, his wife Imelda Agcaoili sued the individuals allegedly liable for the accident.[9]  Feliciano's medical bills from the accident exceeded $600,000.  Imelda entered into an agreement with Unite Here for it to pay Feliciano's medical bills in exchange for Imelda's assignment and promise that Unite Here would be repaid using the first money recovered from the alleged tortfeasors.[10]  That agreement was also executed by Imelda's attorneys in the tort litigation.[11]

Unite Here satisfied the medical bills by negotiating discounts and tendering $79,702.53 in medical benefits.[12]  Imelda eventually settled with the alleged tortfeasors, and while she, her

---

[5] ECF No. 18.

[6] ECF No. 21.

[7] ECF No. 24.

[8] *See* ECF No. 22.

[9] ECF No. 1 at ¶ 3.

[10] *Id.*

[11] *Id.*

[12] *Id.*

attorneys, and some of her creditors were paid from the settlement fund, Unite Here was not.[13]
The settlement proceeds were held in the client trust account of the Titolo firm when Lisa Titolo,
an employee of that firm, allegedly accessed the account and withdrew $79,702.53 that should
have been paid to Unite Here.[14]   Unite Here thus sued Imelda, her attorneys, and Lisa Titolo.[15]
Unite Here asserts claims against Lisa for conversion, unjust enrichment, attorney negligence,
and declaratory relief.[16]   Despite being served with a summons and copy of the complaint,[17] Lisa
has failed to appear or defend against Unite Here's allegations.   Unite Here obtained a clerk's
entry of default against Lisa[18] and now asks me to enter a default judgment against her.[19]

### Discussion

**A.    Default judgment on Unite Here's claims against Lisa Titolo**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if
the clerk previously entered default based on a defendant's failure to defend.   After entry of
default, the complaint's factual allegations are taken as true, except those relating to damages.[20]
"[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are
not established by default."[21]   The court has the power to require a plaintiff to provide additional

---

[13] *Id.*

[14] *Id.* at ¶ 41.

[15] *See generally* ECF No. 1.

[16] *Id.*

[17] ECF No. 8 at 3.

[18] ECF No. 11.

[19] ECF No. 25.

[20] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[21] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

proof of facts or damages in order to ensure that the requested relief is appropriate.[22]  Whether to grant a motion for default judgment lies within my discretion,[23] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[24]

A default judgment is generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[25]

But default judgment is appropriate here.  Unite Here pursued its claims against Lisa to recover for the damages that her acts caused it to suffer.  Lisa has failed to participate in this case despite Unite Here's attempt to include her by serving her with process.  Lisa's refusal to participate compounds Unite Here's injuries by requiring it to expend additional resources litigating uncontested issues: (1) Unite Here was contractually entitled to the first $79,702.53 recovered by Imelda against the tortfeasors; (2) Lisa withdrew $79,702.53 from the Titolo firm's client trust account but did not pay it to Unite Here; and (3) Lisa received some of the settlement proceeds but Unite Here did not.  Without a judgment against Lisa, Unite Here has no other recourse to recover for the harm that Lisa has caused it.

---

[22] *See* FED. R. CIV. P. 55(b)(2).

[23] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[24] *Id.* at 1471–72.

[25] *Id.* at 1472.

4

The complaint sufficiently sets forth Unite Here's conversion[26] and unjust enrichment[27] claims under Rule 8's liberal pleading standard.  Unite Here's claims have substantive merit based on Timothy Titolo's declaration that Lisa was responsible for paying the Titolo firm's bills, but she did not pay them and instead withdrew funds from the firm's client trust account without authorization and for her own use.[28]  Further, that as part of their divorce decree, Lisa agreed to indemnify Timothy for any community debt arising from her actions with regard to the Titolo firm's client trust account and to reimburse Timothy for any funds that he has paid to the firm's clients for Lisa's unauthorized access to the firm's trust account.[29]  Accepting Unite Here's factual allegations as true, as I must in deciding a motion for default judgment, I find that Unite Here has pled and proved its claims for conversion and unjust enrichment against Lisa.

The sum of money at stake in the action is appropriate to the alleged harm.[30]  There is no evidence that Lisa's default is the product of excusable neglect.  And her refusal to participate renders a decision on the merits "impractical, if not impossible."[31]  Accordingly, entry of default on Unite Here's conversion and unjust enrichment claims against Lisa is appropriate.

---

[26] *M.C. Multi-Family Dev., LLC v. Crestdale Assoc., Ltd.*, 193 P.3d 536, 542–43 (Nev. 2008) (defining conversion as "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with its title or rights therein *or* in derogation, exclusion, or defiance of such title or rights") (quotation marks and quoted reference omitted).

[27] *Nevada Indus. Dev., Inc. v. Benedetti*, 741 P.2d 802, 804 n.2 (Nev. 1987) (providing that "[u]njust enrichment occurs whenever a person has and retains a benefit [that] in equity and good conscience belongs to another") (citation omitted).

[28] ECF No. 26 at ¶¶ 11–12.

[29] *Id.* at ¶ 7.

[30] *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010) (stating that default judgment is appropriate if the sum of money at stake is appropriate to the alleged harm).

[31] *See PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citing *Columbia Pictures Tele., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001)).

**B.      Character and amount of award against Lisa and in favor of Unite Here**

Unite Here is owed $79,702.53 under its agreement with Imelda and her attorneys.  Unite Here recovered some of the money it is owed from Lisa's co-defendants, and it now seeks to recover the remaining $28,202.53 from Lisa herself.  When a defendant keeps possession of property that she has converted, an appropriate measure of damages is "the full value of the property at the time of the conversion. . . ."[32]  "[T]he injured party should receive full compensation for [its] actual losses."[33]  Thus, $28,202.53 is an appropriate damage award against Lisa on Unite Here's conversion and unjust enrichment claims.

Unite Here also seeks an award of post-judgment interest to accrue at the rate set forth in its trust agreements.  Unite Here states in its proposed order that it is entitled to that award under 29 U.S.C. § 1132(g),[34] but it does not argue for it.[35]  Regardless, the first subsection of that statute concerns attorney's fees and costs of suit and the second subsection applies only to actions on behalf of a plan under 29 U.S.C. § 1145 to obtain delinquent employer contributions.  Unite Here does not explain why Lisa should be considered an "employer" here or why it should be considered to be recovering "contributions" from her.  Because Unite Here's request is not well made and its claims against Lisa do not appear to fall within the statute that it invokes, I decline to award it post-judgment interest under 29 U.S.C. § 1132(g).  Instead, post-judgment interest shall accrue as provided in 28 U.S.C. § 1961.

---

[32] *Bader v. Cerri*, 609 P.2d 314, 317 (Nev. 1980) (citation omitted), *overruled on other grounds by Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000).

[33] *Id.* (citation omitted).

[34] ECF No. 25 at 10.

[35] *See generally* ECF Nos. 18, 25.

**C.   Default on the cross-claims**

Cross-claimants Raymond Bodiford, Bodiford Law Group, Timothy Titolo, and Titolo Law Office moved for the entry of default against Lisa,[36] and I granted that motion on June 6, 2016.[37]  But I note that "default judgment" instead of "default" was erroneously entered against Lisa and in favor of the cross-claimants.[38]  Thus, I strike that default judgment and I direct the Clerk of Court to enter default against Lisa in favor of the cross-claimants.  If the cross-claimants want to obtain default judgment against Lisa, they must file a motion to that effect.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **Unite Here's motion for default judgment [ECF No. 25] is GRANTED** in part: I award Unite Here $28,202.53 in monetary damages on its claims against Lisa Titolo for conversion and unjust enrichment, with post-judgment interest accruing from the date of entry of the judgment at the rate of .86%, computed daily, until the judgment is paid in full.

IT IS FURTHER ORDERED that the **default judgment erroneously entered against Lisa in favor of the cross-claimants [ECF No. 22] is STRUCK**.

The Clerk of Court is directed to enter **DEFAULT** against Lisa in favor of cross-claimants Raymond Bodiford, Bodiford Law Group, Timothy Titolo, and Titolo Law Office.

DATED: January 10, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[36] ECF No. 17.

[37] ECF No. 21.

[38] *Compare* ECF No. 21 (court order granting "default" against Lisa and in favor of the cross-claimants) *with* ECF No. 22 (clerk's entry of "default judgment" against Lisa and in favor of the cross-claimants).